THE LAW OFFICES OF MARK S. SMITH
456 W. O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (670) 477-8831

Attorney for Defendant,
*Marcelino J. Laserna*

FILED
DISTRICT COURT OF GUAM

MAY 22 2008 RP.

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARCELINO J. LASERNA, et. al. ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CRIMINAL CASE NO.: CR08-00004 <br><br> DEFENDANT MARCELINO LASERNA'S OPPOSITION TO THE UNITED STATES TRIAL MEMORANDUM ON DELIBERATE IGNORANCE |

COMES NOW, Defendant Marcelino Laserna, by and through undersigned legal counsel, Mark S. Smith, and provides his opposition to the United States Trial Memorandum on Deliberate Ignorance.

The United States argues that deliberate ignorance instruction should be provided to the jury based on its perception of the facts which will be proven at trial and its applicability to the case at hand.

Defendant Marcelino Laserna argues that the deliberate ignorance instruction is not applicable to this case. The cases cited by the Government, Jewell and Heredia deals specifically with the comprehensive Drug Abuse Prevention and Control Act of 1970 §401(a)(1), 21 U.S.C.A. §841(a)(1). The Jewell and Heredia case deals specifically with the interpretation of "knowingly" or "intentionally" as described in said statute; whereas, the case at hand, deals specifically with fraud

ORIGINAL

Defendant Marcelino Laserna's Opposition to the United States Trial Memorandum on Deliberate Ignorance
United States of America v. Marcelino Laserna

Criminal Case No. 08-0004
Page 2 of 4

and conspiracy charges against all Defendants. This case has nothing to do with the possession or distribution of a controlled substance. There is no such statute applicable in this case and the statutory and case law defining the elements of fraud and conspiracy are well defined.

However, Defendant Laserna submits that making any arguments with respect to jury instructions at this point may be premature. Whether jury instructions apply or do not apply turns on the facts and evidence presented in the Government and Defendants' case. Defendant Laserna believes that arguments concerning the submission of jury instructions to the jury and specific instructions tailored to the particular facts of the case should be heard after both sides have had the opportunity to present their case.

Defendant Marcelino Laserna asserts the time to assess the applicability of jury instructions will be at the close of the Government and the Defendants' case. When Jury instructions should be given in the first place depends on the theories and evidence presented at trial. Heredia, 483 F. 3d at 920. Deciding the applicable jury instructions to be presented to the Jury is mostly a factual inquiry, but not entirely; it also requires judgment as to whether the proposed instruction is relevant to the issues presented or would unduly confuse the jury. Id. Clearly deciding what jury instructions would apply before the facts presented in trial is premature. Decisions about jury instructions need to encompass a factual inquiry which can only be accomplished through the completion of the Government and the Defendants' case.

However, if the court decides to present this Jury instruction, the Government also argues that Heredia has overruled Jewell wherein it held that the Government also must prove the Defendants motive in deliberately failing to learn the truth about a particular circumstance giving them a defense in case he should be charged with a crime. Although the Heredia does not overrule

Jewell, it clarifies its holding. Heredia, 483 F. 3d at 919. Rather than overturn Jewell, the court in Heredia held that the better course was to "clear away the under brush that surrounds it." Id. The "under brush that surrounds it" dealt specifically with the motive prong provided in the jury instruction. Although Heredia does not require the motive prong in said jury instruction, it allows a District Judge, in the exercise of his discretion, to tailor the instructions with the particular facts of the case. The Judge in Heredia may have instructed the jury that they could find that Heredia did not act deliberately if it believed that her failure to investigate was motivated by safety concerns. The court was prompted to make said decision based on Heredia's arguments that the motive prong is necessary to avoid punishing individuals who fail to investigate because of circumstances rendered unsafe or impractical to do so. supra, at 920.

Although the court in Heredia held that the motive prong is not mandated as a jury instruction, the District Court Judge, in his discretion, may provide additional instructions upon Defendant's request which will be reviewed for an abuse of discretion.

In this case, Defendant Marcelino Laserna first argues that Defendant should be given the opportunity to argue whether the deliberate ignorance jury instruction should apply after the Government and Defendant's case in chief has been presented and furthermore, if it is determined that it is to be provided to the jurors, that Defendant Marcelino Laserna be given an opportunity to request the District Judge for a tailored instruction to the particular facts of the case presented which would include Defendant's motive in allegedly failing to investigate the documents submitted by Eun Young Lee for processing driver's license applications, Government of Guam, Department of Revenue and Taxation Administrative Regulations, IRS requirements and so forth.

Defendant Marcelino Laserna's Opposition to the United States Trial Memorandum on Deliberate Ignorance
United States of America v. Marcelino Laserna

Criminal Case No. 08-0004
Page 4 of 4

## **CONCLUSION**

Based on the foregoing facts and law presented, Defendant Laserna request that the deliberate ignorance jury instruction be stricken and in the alternative, an opportunity to argue its applicability to the case at hand after both the Government and the Defendants' have presented their case. Additionally, Defendant Laserna request an opportunity to ask the court for specific instructions with respect to the motives of Defendants in this case.

Dated this 22nd day of May, 2008.

Respectfully submitted,

By: _____
MARK S. SMITH, ESQ.
Attorney for Defendant, *Marcelino J. Laserna*