1  EYLeetrialmemo4

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for the United States of America

8
                    IN THE UNITED STATES DISTRICT COURT
9
                       FOR THE TERRITORY OF GUAM
10
   UNITED STATES OF AMERICA,        )  CRIMINAL CASE NO.   08-00004
11                                   )
                Plaintiff,           )
12                                   )
           vs.                       )   **UNITED STATES RESPONSE TO**
13                                   )   **DEFENDANT'S PROPOSED § 1028**
   EUN YOUNG LEE,                    )   **JURY INSTRUCTION**
14      aka Eun Young Cho,           )
        aka Ina Lee,                 )
15 MARCELINO J. LASERNA,             )
   JOHN W.C. DUENAS,                 )
16 MARY C. GARCIA,                   )
   JOSEPH PANGELINAN,                )
17 FRANCISCO SN KAWAMOTO, and        )
   MARGARET B. UNTALAN,              )
18                                   )
                Defendants.          )
19 _____ )

20
21        The government is now confirmed in its suspicion, that none of the defense attorneys

   read its trial memorandum.
22
23        Defendants assert, for example, that there is no authority for the government's requested

   § 1028 instruction.  The authority is Congress.  The government attached the entire
24
   Congressional history of this statute, H.R. REP. 97-802, 1982 U.S.C.C.A.N. 3519.   The House
25
   Report's section-by-section analysis begins at p. 3527.
26
27        1) "Production" includes the terms alter, authenticate or assemble, but is not limited to

   those terms.  It also includes making, manufacturing, issuing and publishing.  Congress stated at
28

page 3527:

> "A government employee whose duty is to simply issue
> identification documents, and does not manufacture or assemble
> the documents, is, by issuing the document, authenticating it.
> If such an employee were to authenticate such documents without
> lawful authority, it would constitute an offense under this
> subsection."

2) Congress specifically expanded the *mens rea* of this section by providing at page 3528 that the statute includes awareness of a "high probability of the existence" of the circumstance which made his conduct unlawful.

3) Congress specifically to expanded this statute to include government employee who knowingly issued identification documents which did not meet the criteria of their agency. At page 3258, Congress wrote:

> "The term 'unlawful authority' refers to the authority to manufacture,
> prepare, or issue identification documents by statute or regulation, or
> by contract pursuant to such authority. A person, such as a clerk, who
> is authorized to issue identification documents upon the satisfaction
> of certain requirements, could be acting without lawful authority if
> he issued an identification document knowing that the requirements
> had not been fulfilled."

Thus, one cannot say he did not "produce" a fraudulent document because he did not actually manufacture it. It is a violation of this statute to "authenticate" a document knowing that it has not met his agency's requirements.

The government's instruction is particularly tailored to the facts of this case. The process of producing a driver's license (based upon a TIN or a SS number) begins when the examiner reviews an application and authenticates it by writing the TIN or SS number across the top of the application in his own hand. This constitutes a certification that he has personally reviewed the original supporting document. Then he adds the application to the MVD computer system. After passing the written test, the applicant comes back to MVD, takes an eye exam if he has not already done so, gets photographed and pays his fee (then $5). The examiner who initially authenticated the application may have nothing further to do with the processing. Nevertheless, if he entered an application which he knew did not satisfy the requirements of MVD, he has

-2-

1    committed a violation of § 1028.  It is important for the jury to understand that this law concerns

2    conduct beyond just taking the photograph or laminating the license, that it can encompass

3    conduct from the very beginning of the process.

4        Defendant's instruction violates Apprendi v. New Jersey, 530 U.S. 466 (2000), which

5    held that only a jury can decide factors which increase the maximum sentence of an offense.

6    The general punishment for a § 1028 offense is a maximum of five years incarceration,

7    1028(b)(2).  If one produces the type of document provided in § 1028(b)(A)(ii), i.e., a birth

8    certificate, driver's license or personal identification card, the maximum goes up to 15 years.

9    Thus, the defendants' proposed instruction, from the Fifth Circuit's pattern jury instructions, is

10   inadequate, because it instructs the jury they only have to find the document at issue is an

11   "identification document."  Defendants are charged with 15-year felonies.  Thus, the jury must

12   be instructed that it find beyond a reasonable doubt that the defendants were unlawfully

13   producing driver's licenses..

14       Any decision on the instruction which the court ultimately gives should await the

15   presentation of the government's evidence.  At that time, it will be in a better position to tailor an

16   instruction to the facts of this particular case.

17       Respectfully submitted this  2nd  day of June, 2008.

18                                                LEONARDO M. RAPADAS
                                                  United States Attorney
19                                                Districts of Guam and NMI

20
                                       By:    /s/ Karon V. Johnson
21                                                KARON V. JOHNSON
                                                  Assistant U.S. Attorney
22

23

24

25

26

27

28                                          -3-