EYLeetrialmemo9

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00004 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **UNITED STATES' MEMORANDUM** |
| ) | **CONCERNING THE** |
| ) | **UNAVAILABILITY OF A WITNESS** |
| EUN YOUNG LEE, ) | |
|    aka Eun Young Cho, ) | |
|    aka Ina Lee, ) | |
| MARCELINO J. LASERNA, ) | |
| JOHN W.C. DUENAS, ) | |
| MARY C. GARCIA, ) | |
| JOSEPH PANGELINAN, ) | |
| FRANCISCO SN KAWAMOTO, and ) | |
| MARGARET B. UNTALAN, ) | |
| ) | |
| Defendants. ) | |

FBI Special Agent Kline, after testifying extensively on direct examination, has become unavailable for cross-examination. The government believes that, given the huge investment of time and money in this trial, that this Honorable Court instruct the jury to disregard Agent's Kline's testimony, and allow the other agents who were present during the interviews he conducted, to testify. The alternative is to declare a mistrial, which the government opposes.

This subject is generally addressed in 22 C.J.S. Criminal Law § 293. "Manifest necessity for a mistrial exists, for the purposes of determining whether a retrial would violate the constitutional prohibition against double jeopardy, when the accused's right to have the trial

completed by a particular tribunal is subordinate to the public interest in affording the prosecutor one full and fair opportunity to present evidence to an impartial jury, and the trial court has broad discretion in deciding whether to grant a mistrial."

Ordinarily, if a case is dismissed after the jury is empaneled, jeopardy attaches unless the defendant consents to the mistrial, or the district court determines that the mistrial was required by manifest necessity. United States v. Bonas, 344 F.3d 945 (9th Cir. 2003). Whether there was manifest necessity is an exercise in discretion, which is reviewed on appeal for abuse of discretion. The issue will be whether the finding of manifest necessity for a mistrial "is one that a rational jurist could have made based on the record presented to him." Id. at 948. There are degrees of necessity, and the degree of deference to be given the trial judge's decision varies according to the circumstances of each case. Arizona v. Washington, 434 U.S. 497 (1978). In United States v. Williams, 717 F.2d 473 (9th Cir. 1983), for example, defense counsel had to withdraw after the jury had been empaneled for a conflict. The court's order finding manifest necessity was upheld on appeal, because new counsel had to be appointed, necessitating a lengthy delay such that it was unlikely the same jurors would be available to resume trial.

Whether an instruction to the jury to disregard a witness' testimony will be adequate was addressed in Bruton v. United States, 391 U.S. 123 (1968). The Court held that where the "risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Id. at 135-36.

//
//
//
//
//
//

The government acknowledges that Agent Kline's testimony was extensive. It believes, however, that instructing the jury to disregard his testimony, and re-presenting it through other agents, is preferable to a mistrial.

Respectfully submitted this  23rd  day of June, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By:  /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

-3-