EYLeetrialmemo10

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 08-00004 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **UNITED STATES MEMORANDUM** |
| | ) **CONCERNING TESTIMONY** |
| EUN YOUNG LEE, | ) **CONTRADICTING PRIOR SWORN** |
| aka Eun Young Cho, | ) **TESTIMONY** |
| aka Ina Lee, | ) |
| MARCELINO J. LASERNA, | ) |
| JOHN W.C. DUENAS, | ) |
| MARY C. GARCIA, | ) |
| JOSEPH PANGELINAN, | ) |
| FRANCISCO SN KAWAMOTO, and | ) |
| MARGARET B. UNTALAN, | ) |
| Defendants. | ) |

Young Nam Kim has testified that she paid Ina Lee $800 to secure a Guam driver's license. When she pled guilty April 15, 2008, she advised the court, under oath, that she did not pay Lee for her services, but rather bought dinner and "assorted foodstuffs" for Lee's family. Defendants contend that they were entitled to notice by the government that Kim was going to change her testimony.

In formulating the operative facts in support of a guilty plea, the government may send defense counsel a draft of what it believes the investigation has shown, or what the defendant admitted prior to obtaining counsel. These proposed facts are subject to review and correction

by counsel. The government ultimately relies on defense counsel to have thoroughly interviewed his client and insured that the operative facts are accurate. In the case of Korean licensees involved in the scheme before the court, the defendants typically have been arrested by agents who had no interpreter; hence they were not interviewed prior to initial appearance. The plea agreements sent to defense counsel have contained a blank section for the defendant to complete because the government had no knowledge of how they purchased their licenses from Lee. Defense counsel has been responsible for securing an interpreter and determining the details of how the offense occurred.

In preparation for this trial, the government has interviewed the defendant licensees in depth, on at least two occasions each, using certified Korean translators provided by the FBI. These interviews have resulted in a much more detailed picture of Lee's and the licensees actions, and have revealed information which contradicts that of the plea agreements in almost every instance. None of this information has been reduced to reports, nor have the licensees made any written statements in these interviews. It is all recorded in the questions formulated by the prosecutor for use in direct examination. Defendants contend they are entitled to this information.

Discovery in the federal system is extremely limited. FRCrP 16(a)(2) specifically excludes from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Thus, defendants are not entitled to the government's notes or other records of these witness interviews as part of Rule 16 discovery.

Under the Jencks Act, 18 U.S.C. § 3500, if the defendant so requests, he is entitled to receive statements of government witnesses after they have testified. "Statement," however, is restricted by § 3500(e) to a written statement of the witnesses , signed or otherwise adopted or

-2-

approved by him, or recordings which are a substantially verbatim record of his oral statement, or a transcription made before the grand jury. The defendants are not entitled to the government interviews under the Jencks Act.

Brady v. Maryland, 373 U.S. 83 (1963) requires the government to disclose to the defense evidence material to the guilt or punishment of a defendant, which is favorable to him. This includes impeachment as well as exculpatory evidence. The prosecutor is only required to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial. United States v. Bagley, 473 U.S. 667 (1985). In this case, the government has no information which is favorable to the defendants.

In conclusion, there is no rule under the federal system which requires disclose of these witness interviews to the defense. The defendants' remedy is set forth in Delaware v. Fensterer, 474 U.S. 15, 21-22 (1985):

> "The Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony."

Second, the defense has leveled a most serious charge against the government for suborning perjury by allowing witnesses to testify to facts which may contradict what they said in their plea agreements. To the contrary, the purpose of the plea agreement is to ensure that the witness will be fully truthful. This provision is in every plea agreement which the government enters into:

> 2(a) The defendant, SANG HO KIM, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of fraudulently issued Guam drivers licenses, illegal employment of aliens, and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense(s) to which he is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other

-3-

materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 8 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

In short, defendants are informed that the plea agreement compels them to be fully truthful with government investigators. To encourage them to be fully truthful, the government promises <u>not to prosecute them for any crimes of which they fully advise the government</u>. Thus, as in the case with Young Nam Kim, and as will be the case with others, if the witness advises that she has lied in her plea agreement, she will not be prosecuted for that because the government has promised not to, if she discloses the truth. Indeed, any such prosecution would be a breach of the plea agreement.

Respectfully submitted this   24th   day of June, 2008.

                                      LEONARDO M. RAPADAS
                                      United States Attorney
                                      Districts of Guam and NMI

                                By:     /s/ Karon V. Johnson
                                      KARON V. JOHNSON
                                      Assistant U.S. Attorney