EYLeetrialmemo13

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　vs.<br>EUN YOUNG LEE,<br>　　aka Eun Young Cho,<br>　　aka Ina Lee,<br>MARCELINO J. LASERNA,<br>JOHN W.C. DUENAS,<br>MARY C. GARCIA,<br>JOSEPH PANGELINAN,<br>FRANCISCO SN KAWAMOTO, and<br>MARGARET B. UNTALAN,<br>　　　　Defendants. | CRIMINAL CASE NO.　08-00004<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' MEMORANDA** |

　　　　The remedy for <u>Brady</u> sanctions is not to strike the witness' testimony, but rather to provide the defense with the opportunity for full and fair cross-examination. The defendants have failed to produce any authority to the contrary.

　　　　The authority cited by defendant Laserna is not on point. <u>United States v. Tsmura</u>, 694 F.2d 591 (9th Cir. 1982) involves the government's surprise introduction of <u>incriminating</u> evidence. The government had been required through a bill of particulars to state its theory of this bid-rigging conspiracy. The government had responded that defendant Tamura, who became manager of the company accused of bid-rigging, had not joined the conspiracy at its inception, but rather some months after it was under way. Prior to trial, the government's chief

witness said there was a mistake in the reports, and that it was the defendant, not the company manager named in the report, with whom he had first negotiated the conspiracy. His trial testimony was a surprise to the defense, which was relying on the government's representations he had not been part of the conspiracy from its inception. Brady is not referenced anywhere in Tamura, because it involves Confrontation Clause issues, not.the failure to disclose exculpatory evidence.

United States v. Roybal, 566 F.2d 1109 (9th Cir. 1977) is another example of this issue. The defendant had been charged with many others for conspiracy to distribute drugs. The case was based in large part upon informants, and prior to trial the court had ordered the government to disclose the informant witnesses' proposed testimony. Prior to trial the government learned of more incriminating evidence, when one of the informants said she had purchased drugs from defendant for her personal use. The government adduced this testimony at trial, though defendant's sale to the informant was not the subject of the indictment being tried. In short, it was undisclosed 404(b) evidence. The court noted this was not a Brady violation because the new information was not exculpatory, nor was it a Jencks violation. But it was unfair to expect the defendant to suddenly defend against new allegations which were not part of the initial indictment, especially after the trial judge had ordered the government to disclose in advance of trial what its informants would say.

United States v. Howell, 231 F.3d 615 (9th Cir. 2000), illustrates the importance the courts place on the opportunity to cross-examine. Howell and his girlfriend were arrested after two kilos of cocaine was found in Howell's duffel bag. He confessed that he and the girlfriend were being paid $2,000 to transport the cocaine. When he was searched, $1,987 was found on his person. Two police reports, however, inaccurately stated that the money was found on the girlfriend. The government learned of these mistakes prior to trial, but deemed the information purely inculpatory and did not disclose it to the defense under Brady. The defense counsel, believing the girlfriend was carrying the money, planned to blame her. After the government
-2-

adduced the evidence that the money was really found on the defendant, the defense cross-examined the witness, who admitted the police reports were wrong. Howell appealed his conviction, alleging this was a Brady violation, and the degree of prejudice met the Brady standard. The court agreed the information was covered under Brady: though it was incriminating, it was also exculpatory because it made the police look incompetent. It was also a Rule 16 violation, because if the defendant had been aware of the correct reports, he could have made a more informed decision concerning whether to plead guilty. The court held, however, that it would not reverse his conviction. "[T]here is never a real '*Brady* violation unless the disclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." Strickler v. Green, 527 U.S. 263, 281 (1999). Given how strong the other evidence was against the defendant, and given that the "defense attorney effectively cross-examined the officers about the inconsistencies between their trial testimony and the information in the report," Howell, 231 F.2d at 626, the court held that an earlier disclosure of the errors in the report would not have produced a different verdict.

Likewise, the authority cited by defendant Lee does not support defendants' motion to strike testimony. In United States v. Bernal-Obeso, 989 F.2d 331 (9th Cir. 1993), the key witness against the defendant was a paid informant with an extensive criminal record. The court had ordered the government produce all pertinent information about him. The government's memorandum advised that the informant had killed two people but had not been charged in connection with their deaths. The defense investigation revealed that in fact the informant had pled guilty to two counts of manslaughter with a firearms enhancement, excellent material for impeachment. The defense moved for a continuance so that it could determine to what degree the government memorandum was based upon the informant's statements, i.e., whether the informant had lied to federal agents about his criminal record. The court denied the request and the defendant appealed his conviction. The court agreed it could "not determine whether the informant lied to the DEA about his prior felony convictions, or whether this is just a case of

-3-

sinless miscommunication." Id. at 333. Given the generally treacherous nature of such "rewarded criminals," id. at 333, the government should disclose all material information which might cast a shadow on their credibility. In this case, whether the informant had lied to the DEA about his record could cause the jury to flatly reject his testimony. The court remanded the case for an evidentiary hearing to determine what the informant had told agents about his criminal record. If it turned out that he had lied, a new trial was in order.

Respectfully submitted this  30th  day of June, 2008.

>                                   LEONARDO M. RAPADAS
>                                   United States Attorney
>                                   Districts of Guam and NMI
>
>
>                           By:     /s/ Karon V. Johnson
>                                   KARON V. JOHNSON
>                                   Assistant U.S. Attorney